IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
INCRED-A-BOWL, L.L.C., ) CASE NO. 14-21440-11-DLS
)
DEBTOR. )
_____)

## MOTION FOR APPROVAL OF SALE OF SUBSTANTIALLY
## ALL ASSETS OF DEBTOR PURSUANT TO 11 U.S.C. § 363

COMES NOW Debtor and Debtor-in-Possession, Incred-A-Bowl, LLC by and through its counsel, Colin N. Gotham of Evans & Mullinix, P.A., and for its Motion for Approval of Sale of Substantially All Assets of Debtor Pursuant to 11 U.S.C. § 363 ("the Motion"), states as follows:

1.  On the 18th day of June, 2014, (the Petition Date) Incred-A-Bowl, LLC, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 and § 363 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.  Trail Winds Center, LLC, a Kansas Limited Liability Company, was merged with Incred-A-Bowl, LLC in October 2013.

4.  The Debtor is a bowling alley, indoor golf, laser tag and food service located at 8560 W. 151st Street, Overland Park, KS 66223.

5.  As of the Petition Date, the Debtor employed approximately 33-36 persons based on seasonal fluctuations, all of whom are involved in various aspects of the business.

6.      Because of the substantial debt and continuing capital needs for the business, for which the Debtor lacks funding sources, the Debtor has decided that it is in the best business judgment and the best interests of the captioned estates to sell substantially all of the assets of the Debtor ("the Sale").

7.      On October 7, 2014 the Debtor filed an Application to Employ Equity Partners HG, LLC (hereinafter "Equity Partners") [Doc. No. 48]. Said Application was approved on October 24, 2014 [Doc. No. 53]. Equity Partners has been marketing the Debtor's business on a national level since the Application to Employ was filed.

8.      The Debtor has received various offers to purchase its assets.

9.      The Debtor has not accepted any offers. The Debtor and Equity Partners believe that an auction will generate the most interest and highest price.

10.     Upon information and belief, the Debtor's blanket secured creditor, Pacific Western Bank has not yet consented, but the proposed sale is conditioned upon approval.

## BIDDING PROCEDURES

11.     The Debtor proposes the following bidding procedures for the sale of all its assets:

A.      Notice of the Sale Procedures. Equity Partners will serve a notice of the Sale Procedures on all parties who have previously expressed, to Seller or Equity Partners, an interest in acquiring all or any portion of the Assets, including, without limitation, all parties who expressed an interest in acquiring certain of the Assets that were marketed in the Incred-A-Bowl, LLC chapter 11 bankruptcy case.

B.      Bid Proposals. All bid proposals for the acquisition of the Assets (each, a "Bid Proposal") must conform to the following requirements in order to be deemed a "Qualified Bid":

1.      Each Bid Proposal must be in writing and contain the material terms and conditions regarding a proposed sale of the Assets, which may include the

2

assignment of executory contracts and unexpired leases.[1]  No Bid Proposal may contain a financing contingency.

2.  Each Bid Proposal must fully disclose the identity of each person or entity bidding for or purchasing the Assets or otherwise participating in such Bid Proposal and the complete terms of any such participation, including any agreement, arrangement or understanding concerning a collaborative or joint bid or any other combination concerning the proposed Bid Proposal.

3.  Each Bid Proposal must identify the consideration to be paid for the Assets.

4.  Each Bid Proposal must be submitted substantially in the form of an asset purchase agreement acceptable to the Seller, in consultation with Equity Partners (the "Form Asset Purchase Agreement").[2]

5.  Each bidder submitting a Bid Proposal must deliver to Equity Partners,[3] by the Proposal Deadline (as defined below) the following:  (A) copies of financial statements, letters of credit, and any other documents evidencing the prospective purchaser's ability to consummate the contemplated transaction; (B) information and satisfactory assurances that there is no regulatory issue that would prevent the prospective purchaser from fulfilling the terms, conditions, and obligations under the proposed sale transaction; and (C) the Bid Proposal.  Equity Partners, in consultation with the Seller, shall have the right to determine the adequacy of the foregoing information and documents.

6.  Each bidder submitting a Bid Proposal must also tender to Equity Partners a good faith deposit (the "Good Faith Deposit").  The Good Faith Deposit must be in cash in an amount equal to the greater of (A) $100,000 or (B) ten percent (10%) of the consideration specified in the Bid Proposal.  Equity Partners will maintain the deposits (including any additional deposit(s) required under Section J below) in a segregated, non-interest bearing account.

7.  All Bid Proposals must be delivered to Equity Partners at the following address

Equity Partners HG, LLC
Attn: Hank Waida
16 N. Washington St., Suite 102,
Easton, MD 21601

8.  Equity Partners will provide copies of all Bid Proposals to the Seller at the following address:

---

[1] The assignment of executory contracts and unexpired leases relating to the Assets will be subject to the applicable constraints of state law.

[2] Copies of the Form Asset Purchase Agreement will be available upon request from the Equity Partners.

[3] Equity Partners promptly will forward copies of these documents to the Seller and counsel for Seller.

3

Incred-A-Bowl, LLC
8500 W. 151st Street
Overland Park, KS 66223

9.  The Equity Partners will also provide copies of all Bid Proposals to counsel for the Seller at the following addresses:

Colin N. Gotham of Evans & Mullinix, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217

10. No letter of intent or other written or oral proposal submitted to Equity Partners prior to service of the notice of Sale Procedures detailed above in connection with the acquisition of the Assets, or any portion of combination thereof, shall be considered a Bid Proposal for purposes of these Sale Procedures.

C.  Deadline for Submission of Bid Proposals. Each bidder submitting a Bid Proposal must deliver such Bid Proposal so that it is actually received by Equity Partners on or before January 23, 2015 at 5:00 p.m. prevailing Central time (the "Proposal Deadline"). Each Bid Proposal shall be irrevocable. The determination of whether a Bid Proposal constitutes a Qualified Bid shall be made by the Seller, in its sole discretion, in consultation with Equity Partners. The Proposal Deadline may be extended in the sole discretion of Seller, in consultation with Equity Partners.

D.  The Auction. In the event that at least one Qualified Bid is submitted, as determined by the Seller in its sole discretion, in consultation with the Equity Partners, then the Equity Partners will conduct an auction (if necessary) on January 27, 2015 at 10:00 a.m. prevailing Central time (the "Auction") at the offices of Evans & Mullinix, P.A., 7225 Renner Road, Suite 200, Shawnee KS 66217 or such other location to be noticed by the Equity Partners 14 days prior to the auction.[4]  ONLY BIDDERS THAT SUBMIT A QUALIFIED BID FOR THE ASSETS WILL BE ALLOWED TO PARTICIPATE IN THE AUCTION. The Auction shall be conducted as follows:

1.  At the commencement of the Auction, Equity Partners will announce the highest or otherwise best Bid Proposal;

2.  Equity Partners shall then commence the Auction recorded stenographically, calling for incremental bids from bidders who submitted Bid Proposals, with minimum overbid increments initially of $25,000, but which may be reduced to smaller increments at the Equity Partners' discretion;

3.  Equity Partners will open and close bidding and may, in its sole discretion, re-open bidding;

4.  Bidders shall be allowed to caucus privately among themselves (but not with other bidders) at any time; provided, that Equity Partners may impose uniform

---

[4] If no Qualified Bid is submitted, the marketing process will be concluded.

4

reasonable time restrictions on such caucuses so that the Auction may continue and be completed in an orderly and timely manner; and

5. Equity Partners may, with the Seller's prior approval, adopt such other rules for the Auction (including changes to bid increments and rules that may depart from those set forth herein) that it anticipates will result in the highest or otherwise best value for the Assets; provided, that any changed or additional rules for the Auction are not materially inconsistent with the Sale Procedures and are communicated to all persons who have submitted a Qualified Bid at or before the Auction.

E. <u>Selection of the Highest and Best Offers</u>. The Seller, in consultation with Equity Partners, will determine which Bid Proposal (if any) is the highest and best offer for the sale or other transfer of the Assets from a bidder (the "<u>Prevailing Bidder</u>") and the next highest or otherwise best bid (the "<u>Back-Up Bid</u>") from a bidder (the "<u>Back-Up Bidder</u>").[5] The following non-exclusive factors will influence the Seller's determination of the Prevailing Bid and Back-Up Bid: (i) the consideration offered to be paid; (ii) the potential purchaser's financial strength and ability to timely close on the proposed transaction; (iii) any consent issues surrounding assignment of executory contracts and unexpired leases; (iv) any regulatory issues implicated by the proposed sale transaction; (v) modifications to the Form Asset Purchase Agreement; and (vi) the best way to maximize the value received for the Assets. The Seller, in consultation with Equity Partners, shall have the right to waive any technical violation of, or deviation from, the Sale Procedures consistent with the goal of maximizing the sale price for the Assets.

F. <u>Deposit(s)</u>. Within two business days after conclusion of the Auction, the proponent of the Prevailing Bid must tender to the Equity Partners an additional cash deposit so that the total deposit for its Prevailing Bid equals 15% of the proposed consideration to be paid under such Prevailing Bid. Such deposit (including such proponent's Good Faith Deposit) shall not be refundable unless such Prevailing Bid fails to close solely as a result of a breach by the Seller under the applicable asset purchase agreement. In the event the transaction embodied in such Prevailing Bid fails to close and the Seller elects to close the transaction described in the Back-Up Bid, then the provisions of this paragraph shall apply to the party who submitted the Back-Up Bid. Any deposit received under these Sale Procedures shall be returned within forty-eight hours after the auction, except for deposits submitted in connection with Prevailing Bids and Back-Up Bids.

G. <u>Sale Consummation</u>. The sale of the Assets in accordance with the Prevailing Bid must be consummated on or before the 30th calendar day following the Court Approval. In the event that the sale of Assets in accordance with the Prevailing Bid is not closed by the applicable Closing Date as a result of breach by the Prevailing Bidder, then the Prevailing Bidder's deposit will be forfeited and the Back-Up Bidder will be notified. The sale of Assets in accordance with a Back-Up Bid must be consummated on or before the 30th calendar day following such notification (each such date, a "<u>Back-Up Closing Date</u>"). In

---

[5] To the extent the Prevailing Bid fails to consummate a transaction, all references to Prevailing Bid shall be substituted with Back-Up Bid.

5

the event that the sale of Assets in accordance with a Back-Up Bid is not closed by the applicable Back-Up Closing Date, then such Back-Up Bidder's deposit will be forfeited.

12.     Pursuant to 11 U.S.C. § 363(f), this sale by the Debtor shall be free and clear of all mortgages, liens, pledges, hypothecations, security interests, charges, encumbrances, claims and interests. To the extent that the mortgages, liens, pledges, hypothecations, security interests, charges, encumbrances, claims and interests are valid and not avoidable, they will follow the proceeds of said sale.

13.     The Debtor believes this sale is in the best interests of the Chapter 11 estate and its creditors, is proposed in good faith and is supported by a substantial business justification.

14.     The Debtor has solicited or is soliciting interest from other parties, to whom copies of this Motion and the Notice of Hearing have been sent.

15.     The Debtor asserts that its efforts to date, coupled with the bidding procedures detailed in this Motion, will garner the best and highest price for the Assets.

16.     The Debtor therefore requests that it be authorized to complete and to conduct the proposed auction pursuant to § 363(b) of the Bankruptcy Code, which permits sale of the property of the estate, other than in the ordinary course of business, after notice and hearing.

WHEREFORE, the Debtor prays that this Court:

1.     Authorize the Debtor to conduct a §363 sale of all of the Debtor's assets upon the terms set forth herein;

2.     Order that the final sale hearing be set on or about January 28, 2014 to approve the winning bidder and set closing within thirty days of the final sale hearing.

3.     Further Order that:

   a.     The sale be free and clear of all mortgages, liens, pledges, hypothecations, security interests, charges, encumbrances, claims and interests with any

6

such mortgages, liens, pledges, hypothecations, security interests, charges, encumbrances, claims and interests attaching to the sale of the proceeds of the sale;

b.     Notwithstanding said free and clear sale, Debtor shall pay all real estate taxes that are due and owing to Johnson County, Kansas.

c.     Notwithstanding said free and clear sale, the Debtor must obtain the consent of Pacific Western Bank.

4.     Grant such other and further relief as the court deems just and proper.


Respectfully Submitted:

EVANS & MULLINIX, P.A.

/s/ Colin N. Gotham
Colin N. Gotham, KS #19538; MO#52343
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (FAX)
cgotham@emlawkc.com
ATTORNEYS FOR DEBTOR


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System on the date entered on the court's docket.

Further, I certify that copies of the Motion were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the creditors on the mailing matrix.


s/ Colin N. Gotham
Colin N. Gotham


7